92 F.3d 1193
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leonard R. RICHARDSON, Plaintiff-Appellant,
v.
Tana WOOD; Ingrid McGehee; Gary Hilliard, Defendants-Appellees.
 No. 95-35786.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1996.*
Decided Aug. 5, 1996.
 
 Before: HUG, Chief Judge, SCHROEDER and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Leonard Richardson, a Washington state prisoner, appeals pro se the district court's summary judgment in favor of prison officials in his 42 U.S.C. § 1983 action alleging that they violated his right to due process by placing him in administrative segregation for masturbating, and his right to privacy by allowing female correctional officers to view him from control booths and in the shower facilities. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review a grant of summary judgment de novo. Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989). We review for abuse of discretion the district court's denial of a request for discovery. See Barona Group of the Capitan Grande Band of Mission Indians v. American Management & Amusement, Inc., 840 F.2d 1394, 1399 (9th Cir.1987), cert. dismissed, 487 U.S. 1247 (1988).
 
 
 4
 We affirm for the reasons stated by the district court in its "Order Granting Defendants' Motion for Summary Judgment," filed on July 27, 1995.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal